IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-287-1-H
No. 5:05-CV-396-H

DEMETRIO SANTIBANEZ GOMEZ,    )
                              )
        Petitioner,            )
                              )
                              )
    v.                         )    **ORDER**
                              )
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.            )

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 petition for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The time for further responses has elapsed and this matter is ripe for adjudication.

## STATEMENT OF THE CASE

On December 9, 2003, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 6, 2004, this court sentenced petitioner to a 151-month term of imprisonment. Petitioner did not file an appeal, and his conviction became final on the date judgment was entered, April 21, 2004. On April 6, 2005, petitioner moved for leave to file a belated Notice of Appeal. The court construed this motion as an attempt to file a motion to vacate pursuant to 28 U.S.C. § 2255, and recharacterized it as such. (See Court's Order, May 11, 2005

[DE #20]). On July 20, 2005, petitioner re-filed his motion as a motion to vacate pursuant to § 2255. The government responded by filing the instant motion to dismiss, and the court referred one of the issues underlying petitioner's motion to United States Magistrate Judge David W. Daniel for a hearing and Memorandum and Recommendation ("M&R"). No objections have been filed to Judge Daniel's M&R.

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 provides relief for federal inmates only where it is shown that (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence exceeds the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 further provides a one-year statute of limitations. Generally, a motion under this section must be filed within one year of the date on which judgment became final.[1]

Petitioner asserts that he was deprived of his right to effective assistance of counsel, alleging that his counsel was

---

[1] Section 2255 provides three circumstances where the one-year limitations period begins to run from a date other than when judgment became final: (1) where action on part of the government prevented the movant from filing a § 2255 motion; (2) where the motion is based upon a newly recognized right made retroactive to cases on collateral review; and (3) where the claim is based on newly discovered evidence not previously discoverable by due diligence.

2

ineffective because counsel: (1) failed to object to the drug enhancement in his presentence report; (2) failed to inform petitioner of his right to appeal, and then failed to file an appeal as requested by petitioner; (3) failed to object to the violation of petitioner's Fifth and Sixth Amendment rights; and (4) failed to object to the use of enhancements.

To prevail on a claim of ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's representation was so deficient that it fell below an "objective standard of reasonableness" (the performance prong). Id. at 687-91. Second, Strickland requires a petitioner to show prejudice – "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" (the prejudice prong). Id. at 694.

## I. Failure to Inform Petitioner of His Right to Appeal and Failure to Appeal

The Fourth Circuit has held that if a client instructs his attorney to file an appeal, and the attorney fails to do so, the attorney's actions constitute ineffective assistance, notwithstanding the likelihood of success on appeal. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Furthermore, this matter presents a factual issue that requires an evidentiary hearing. See

3

id. at 41. Therefore, the court referred this matter to United States Magistrate Judge David W. Daniel to conduct an evidentiary hearing as to whether petitioner instructed his attorney to file an appeal and to submit a M&R to the court with his findings and conclusions. Judge Daniel held a hearing in this matter on November 27, 2007, and filed a M&R on December 17, 2007. At that hearing the Magistrate Judge heard from petitioner, petitioner's sister, Angela Gomez, and petitioner's trial counsel, Charles R. Gourley, Esq.

In his M&R, Judge Daniel first found that Gomez did not directly request that Gourley appeal his sentence. Although the testimony was in conflict, the Magistrate Judge credited Gourley's testimony on the question of whether an express request for appeal was made. This court adopts that finding. Judge Daniel then went on to consider whether petitioner's § 2255 claim could survive, pursuant to the Supreme Court's ruling in Roe v. Flores-Ortega, 528 U.S. 470 (2000), even without an express statement of petitioner's desire to appeal.

When no express request for appeal is made, the court first asks whether counsel consulted with the defendant. Id. at 478. In cases where counsel does not consult the defendant regarding his right to appeal, the court then asks whether that failure to consult itself constitutes deficient performance. Id. The Magistrate Judge found that Gourley did not consult with petitioner

4

about the possibility of appeal, but concluded that this failure did not fall below a reasonable standard of assistance.

### A. Strickland's Performance Prong

#### 1. Whether a Rational Defendant Would Want to Appeal

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. As to the first factor, courts should consider whether the conviction followed a guilty plea or a trial and, when, as in this case, conviction follows a guilty plea, whether the defendant received the sentence bargained for as part of the plea agreement and whether the plea reserved or waived some or all of the defendant's appeal rights. Id.; see also United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007).

Judge Daniel cited several reasons for his finding that a rational defendant would not want to appeal. First, petitioner pled guilty, and his plea agreement severely limited his right to appeal his sentence.¹ Second, petitioner was sentenced at the

---

¹ Petitioner waived "all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any

5

bottom of the Guideline range. Third, petitioner admitted that Gourley reviewed the plea agreement with him and that petitioner knew he faced a maximum sentence of 528 months imprisonment. Because he pled guilty petitioner's offense level was reduced, for Acceptance of Responsibility, from 34 to 31. (Presentence Investigation Report, page 11, line 57 (April 6, 2004) (sealed)). The calculated Guideline range was 151-188 months imprisonment; petitioner was subsequently sentenced to 151 months.

### 2. Whether Petitioner Demonstrated He Was Interested In An Appeal

After hearing testimony from all the parties the Magistrate Judge concluded that petitioner did not reasonably demonstrate to counsel that he was interested in appealing. The one piece of written evidence submitted at the hearing was a letter from petitioner to counsel, inquiring whether the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), applied to petitioner's case. This does not demonstrate a desire to appeal.

This case differs from instances where the Fourth Circuit has considered Flores-Ortega. See Poindexter, 492 F.3d 263, 269 (Circuit Court assumed that petitioner had unequivocally instructed his attorney to appeal where district court held no evidentiary

---

post-conviction proceeding, including one pursuant to 28 U.S.C § 2255, excepting the Defendant's right to appeal based upon ground of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Memorandum of Plea Agreement, December 9, 2003 ¶ 1(c) [DE #14]).

6

hearing on the issue); United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (finding that when petitioner expressed his desire before sentencing to appeal his sentence if his objections to the PSR were overruled and the objections subsequently were overruled, counsel had been sufficiently alerted to petitioner's desire for an appeal and was deficient for not filing a timely notice of appeal). This case is factually analogous, however, to one decided by another district court in United States v. Sijuentes, 2008 WL 239178 (M.D.Fla.) (Jan. 28, 2008).

In Sinjuentes, as in this case, the Magistrate Judge found, amid conflicting testimony, that none of the three defendants directly asked their attorneys to file an appeal on their behalf. Id. at *1-2. The court went on to consider whether counsel were deficient under Flores-Ortega for failing to consult with the petitioners about an appeal following petitioners' sentencings. Relying on the Eleventh Circuit's holding in Otero v. United States, 499 F.3d 1267 (11th Cir. 2007), the court found that counsel had no constitutional duty to consult with the petitioners. Sijuentes at *4. The reasoning of the Otero and Sijuentes courts relied heavily on plea bargains containing identical waivers of appellate rights. Id. Those waivers are materially the same as the one in the instant case regarding the defendants' rights to appeal.

The relevant inquiry remains whether counsel's choices were reasonable, given the totality of the circumstances. Flores-

7

Ortega, 528 U.S. at 480-81. The Magistrate Judge considered the credibility of the parties as well as the fact that petitioner waived not only his right to appeal his conviction on most grounds, but also the sentence imposed (provided it was not an upward departure from the Guidelines) and any issue relating to the establishment of the Guideline range. Based on these findings, Judge Daniel concluded that petitioner had not reasonably indicated a desire to appeal and that no rational defendant would want to appeal. Therefore, the Magistrate Judge concluded that counsel did not act unreasonably in failing to consult Gomez concerning an appeal. This court agrees, and finds that petitioner fails to meet Strickland's performance prong.

### B. Strickland's Prejudice Prong

Failure to meet the performance prong is enough to dismiss petitioner's motion. Nevertheless, the court has also considered Strickland's prejudice prong, and finds that petitioner fails to meet that requirement as well. To show prejudice in a case where counsel does not consult with the defendant about the possibility of an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484. "[P]rejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal." Poindexter, 492 F.3d at 268-69. This

8

determination "will turn on the facts of [each] particular case." Flores-Ortega, 528 U.S. at 485. Factors to be considered in undertaking the prejudice inquiry are similar to those under Strickland's performance prong: whether there were nonfrivolous grounds for appeal or the defendant promptly expressed a desire to appeal. See id. at 485-86.

This court has already discussed, *supra*, that petitioner's plea agreement severely limited his right of appeal. The court has also found that petitioner neither asked directly nor made reasonably apparent his desire to appeal. This last factor, demonstrating to counsel a desire to appeal, is more difficult to meet under the prejudice prong than under the performance prong. See id. at 485-86 (recognizing the similarity between the inquiry under both Strickland prongs, but holding that what may be sufficient to show deficient counsel and meet the performance prong (a simple demonstration of a desire to appeal) would be insufficient to meet the prejudice prong (which requires a showing that, had the defendant received reasonable advice from counsel, defendant would have instructed his counsel to file such an appeal)). This court finds that petitioner has failed to show that he would have instructed counsel to file an appeal absent any allegedly deficient performance.

After a full and careful review of the M&R and other documents of record, the court agrees with the Magistrate Judge that petitioner cannot satisfy either prong of Strickland. Relying on

9

the factual findings of the M&R and the credibility determinations therein, and for the reasons stated above, the government's motion to dismiss petitioner's § 2255 claim, based on counsel's failure to inform petitioner of his right to appeal and to file a timely appeal when requested, is GRANTED.

## II. Petitioner's Remaining Allegations of Ineffective Assistance

Petitioner's remaining arguments allege that his counsel was ineffective in other ways: for failing to object to the drug enhancement in his presentence report, for failing to protect his Fifth and Sixth Amendment rights, and for failing to object to the use of enhancements. Petitioner has provided no supporting facts or details from which the court may assess counsel's reasonableness on these issues. "Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing" or to § 2255 relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) and cases cited therein; see also United States v. Thomas, 221 F.3d 430, 436 (3rd Cir. 2000); United States v. Ziadeh, No. 3:02-cr-273, 2005 WL 4913182 (E.D.Va. July 13, 2005) (unpublished).

Petitioner therefore fails to meet the Strickland standard on these issues. Although petitioner claims that counsel failed to object either to the use of enhancement in his sentence or to alleged violations of his constitutional rights, petitioner presents no facts or argument to demonstrate either that counsel's performance fell below the reasonableness standard or that he was prejudiced as a result of counsel's actions. See United States v.

10

Terry, 366 F.3d 312, 316 (4th Cir. 2004) (conclusory allegations, unsupported by specific facts and evidence, insufficient to warrant relief on ineffective assistance of counsel claim). Even given the liberal interpretation afforded pro se petitions, petitioner's remaining ineffective assistance claims must fail.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE #25] is **GRANTED** and petitioner's 28 U.S.C. § 2255 motion [DE #23] is **DISMISSED**. The clerk is directed to close this case.

This 2ⁿᵈ day of May 2008.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville
#32

11